```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```
_____

DARNELL ALONZO KEYES, a/k/a,
DARNELL ALONZO KEYS,

     Plaintiff,

vs.                              No. 2:18-cv-02478-JTF-dkv

RICHARD SWANN, ET AL.,

     Defendants.
_____

```
       ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
                              and
     REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR REPARATIVE
                INJUNCTION/PROHIBITORY INJUNCTION
                              and
            CLARIFICATION OF ORDER ASSESSING FILING FEES
```
_____

Before the court is a two-page handwritten pleading styled "Request for Appointment of Counsel and Reparative Injunction Prohibitory Injunction" filed on July 25, 2018, by the plaintiff, Darnell Alonzo Keyes a/k/a Darnell Alonzo Keys ("Keyes"), proceeding *pro se*. (Mot., ECF No. 5.) Also before the court is a document addressed to the Clerk of Court, filed October 19, 2018, requesting clarification of the court's order assessing a filing fee in accordance with the Prison Litigation Reform Act ("PLRA"). (Pro Se Notice, ECF No. 6.) Both matters were referred to the United States Magistrate Judge for report and recommendation and/or determination. (Order of Reference, ECF No. 7.) For the reasons that follow, the request for appointment

of counsel is denied, the PLRA order is clarified, and it is recommended that the request for injunctive relief be denied.

Keyes is presently incarcerated at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"). (Compl. 2, ECF No. 1.) On July 12, 2018, Keyes filed a "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983" on the court-supplied form, (Compl., ECF No. 1), and a motion to proceed *in forma pauperis*, (Mot., ECF No. 2). On July 18, 2018, the court granted the motion to proceed *in forma pauperis* and ordered the trust account officer at FCI Memphis to calculate a partial initial filing fee in accordance with the PLRA, withdraw funds from Keyes's trust account, forward them to the Clerk of Court until the initial filing fee is paid in full, and thereafter make monthly payments in accordance with the PLRA until the $350 filing fee is paid in full. (Order, ECF No. 4.)

According to his complaint, Keyes arrived at FCI Memphis on May 17, 2018, on an administrative transfer from Federal Correctional Institution in Petersburg, Virginia ("FCI Petersburg"). (Compl. 4, ECF No. 1.) He names thirty-five separate defendants in his complaint, some of whom are employed at FCI Memphis and others at FCI Petersburg. (*Id*. at 1-3.) In general, he complains about his conditions of confinement at both FCI Memphis and FCI Petersburg, specifically, disciplinary write-ups, retaliation, denial of employment opportunities, and lack of

attention to his medical and psychological needs. In the prayer for relief in his complaint, he seeks "nominal, punitive and cumulative damages up to $3.5 million dollars," "the replacement of each defendant named from their present positions," and a transfer to a FCC Butner so that he can receive mental health treatment "as well as utilize one of [his] certifications in opticianry [sic] as that facility makes eyeglasses in their FCI-Unicor factory." (Compl. ¶ V, ECF No. 1.)

I. ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Similarly, under 42 U.S.C. § 2000e-5(f)(1), "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993)(no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)("There is no constitutional or for that matter statutory right to counsel in federal civil cases - only a statute that authorizes the district judge to request, but not to compel . . . a lawyer to represent an indigent civil litigant.").

3

Additionally, appointment of counsel is "is justified only in exceptional circumstances." *Lanier*, 332 F.3d at 1006.

> In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987); *see also Poindexter v. FBI*, 737 F.2d 1173, 1185 (D.C. Cir. 1984). This generally involves a determination of the "complexity of the factual and legal issues involved." *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986).

*Lavado*, 992 F.2d at 606. "'Appointment of counsel pursuant to 28 U.S.C. § 1915(d) is not appropriate when a *pro se* litigant's claims are frivolous . . . or when the chances of success are extremely slim.'" *Id.* (internal citations omitted)(quoting *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009)("[C]ourts should consider, among other things, the merits of the plaintiff's case in deciding whether to request counsel.").

Keyes has not satisfied his burden of demonstrating that appointment of counsel would be appropriate in this case. Nothing in Keyes's motion distinguishes this case from numerous other cases filed by *pro se* prisoners. In addition, Keyes's chances of success are slim.

The motion for appointment of counsel, (Mot., ECF No. 5), is denied. It is so ordered.

## II. REPORT AND RECOMMENDATION ON REQUEST FOR INJUNCTIVE RELIEF

Keyes styles his pleading as a request for "reparative injunction prohibitory injunction," which the court will treat as

4

a motion for a preliminary injunction for purposes of analysis. (Mot. 1, ECF No. 5.)  A preliminary injunction is an extraordinary remedy "that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)(citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  When faced with a motion for a preliminary injunction, the district court must consider four factors: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction upon the public interest.  *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County, Tennessee*, 274 F.3d 377, 400 (6th Cir. 2001).  These factors are not prerequisites that must be satisfied before a court can issue a preliminary injunction; therefore, no single factor is determinative of the granting or the denial of an injunction. *Brake Parts, Inc. v. Lewis*, 443 F. App'x 27, 28 (6th Cir. 2011)(citing *Jones v. City of Monroe*, 341 F.3d 474, 476 6th Cir. 2003)); *see also Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995)("A district court is required to make specific findings concerning each of the four factors, unless fewer are dispositive of the issue."). Rather, the district court should balance all four factors in determining whether to grant or deny the injunction. *Performance*

5

*Unlimited, Inc.*, 52 F.3d at 1381.

Although "[p]ro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir.2004)), *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Further, the courts are not required to act as counsel for a *pro se* litigant; nor are they required to sort through the pleadings to create a claim on behalf of a *pro se* litigant. *Pliler v. Ford*, 542 U.S. 225, 231 (2004)("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."). "While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011).

The only reference Keyes makes to any type of injunction is in the title of the present motion. Nowhere else in the pleading does Keyes use the term "injunction." Nor does he specify what type of injunctive relief he would like the court to order. Rather, he merely states that he doesn't "want [his] case to be joined with other inmates" and asks that all correspondence from the court be opened in his presence. (Mot. 1-2, ECF No. 5.)

Keyes has not satisfied the substantive requirements for a preliminary injunction.  In addition to failing to explain what particular injunctive relief he is asking the court to order, he does not set forth any specific permanent irreparable injury he will suffer without the preliminary injunction nor does he specify any loss he has suffered.  Finally, Keyes does not address the likelihood of success on the merits, the balance of equities, or the public's interest in his requested relief.

For the foregoing reasons, it is recommended that Keyes's request for "reparative injunction" and "prohibitory injunction" be denied.

III. CLARIFICATION OF THE ORDER GRANTING LEAVE TO PROCEED IFP AND ASSESSING FILING FEE IN ACCORDANCE WITH THE PLRA

Keyes "believes that the Order is not being followed and requests clarification."  According to the court's records, the court received $.52 on August 9, 2018, and $6.00 on October 22, 2018.  The trust officer at FCI Memphis is reminded to withdraw the funds in Keyes's account and forward them to the Clerk of Court until the partial initial filing fee (equal to 20% of the greater of the average balance in or deposits to Keyes's trust account for the six months preceding his July 2, 2018 affidavit) is paid in full.  Thereafter, the trust account officer shall withdraw from Keyes's account and pay to the Clerk of Court monthly payments equal to 20% of all deposits credited to Keyes's account during the preceding month when the amount in the account

7

exceeds $10.

The Clerk is instructed to mail a copy of this order to the prison official in charge of Keyes's trust fund account.

IT IS SO ORDERED.

Entered this 25th day of January, 2019.

<u>s/Diane K. Vescovo</u>
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.